**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**VICTORIA DIVISION**

| | | |
|---|---|---|
| **NATALIA RUIZ, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,** | § § § § | |
| **Plaintiff,** | § | **Case No. 6:26-cv-00062** |
| **v.** | § § § | |
| **CONVERGINT TECHNOLOGIES, LLC** | § § § | |
| **Defendant.** | § § | |

## PLAINTIFF'S UNOPPOSED MOTION TO STAY PROCEEDINGS PENDING ARBITRATION

Plaintiff Natalia Ruiz worked for Defendant Convergint Technologies, LLC as an hourly coordinator from March 17, 2024 until July 2026. Dkt. 1 ¶¶ 1, 21. She sued Convergint under the Fair Labor Standards Act alleging that she worked overtime hours and Convergint did not permit her to record or pay her for all hours she worked. *Id.* ¶¶ 2, 34, 37. Ms. Ruiz signed an arbitration agreement with Convergint in January 2025, she has agreed to arbitrate her claims under that agreement, and she moves the Court to stay this case in its entirety until the arbitration is complete. Convergint does not oppose the motion. Section 3 of the Federal Arbitration Act requires the Court to stay a case when a party asks for a stay and the claims are subject to arbitration. 9 U.S.C. § 3; *Smith v. Spizzirri*, 601 U.S. 472, 478 (2024).

## FACTUAL AND PROCEDURAL BACKGROUND

Convergint designs, installs, and services electronic security, building automation, fire alarm, and life safety systems. Dkt. 1 ¶ 20. It hired Ms. Ruiz on March 17, 2024, paid her by the hour, and classified her as non-exempt. *Id.* ¶¶ 21, 29, 30. Ms. Ruiz alleges that Convergint

required her to enter her own working time, that its supervisors told her how many overtime hours she was permitted to enter, and that Convergint did not pay her for the hours she worked beyond that number. *Id.* ¶¶ 31, 34, 37.

On January 15, 2025, Ms. Ruiz accepted Convergint's Mutual Arbitration Program Agreement (the "Agreement") electronically. Ex. A; Ex. B. In the Agreement, she and Convergint agreed to resolve through binding arbitration the claims arising out of her employment, including claims under the Fair Labor Standards Act and claims for wages, regardless of when the claims arose. Ex. A at 1, § 1. The Agreement provides that the Federal Arbitration Act governs its enforcement and that the American Arbitration Association's Employment Arbitration Rules govern the arbitration. *Id.* §§ 3, 17(g). A claimant begins an arbitration under the Agreement by sending a written notice of the claim to Convergint's Chief Legal Officer. *Id.* § 4. The Agreement also includes a Class, Collective, and Representative Action Waiver. *Id.* § 2.

Ms. Ruiz filed this suit on September 24, 2026, on her own behalf and on behalf of a putative collective of Convergint's hourly employees under 29 U.S.C. § 216(b). Dkt. 1 ¶ 48. Convergint waived service, and its answer is currently due November 30, 2026. Dkt. 6. The Court has set the initial pretrial and scheduling conference for December 8, 2026. Dkt. 4 at 1. The parties held their Rule 26(f) conference on October 28, 2026, and they have agreed under Rule 26(a)(1)(C) that their initial disclosures are currently set to be exchanged on November 24, 2026.

## ARGUMENT

**The Federal Arbitration Act requires the Court to stay this case while Ms. Ruiz arbitrates her claim.**

Ms. Ruiz claims unpaid overtime wages under the Fair Labor Standards Act, and the Agreement covers claims of that kind. Ex. A § 1. Section 3 of the Federal Arbitration Act provides that, when a suit is brought on an issue referable to arbitration under a written agreement, the court "shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration." 9 U.S.C. § 3. Ms. Ruiz is a party to the Agreement and to this case, she is the party applying for the stay, and she is not in default. She does not dispute that her claim is referable to arbitration under the Agreement, and she will begin the arbitration by written notice under Section 4 of the Agreement. Ex. A § 4.

The Supreme Court has held that the stay is mandatory: when a court finds that a suit involves an arbitrable dispute and a party asks for a stay pending arbitration, "§3 of the FAA compels the court to stay the proceeding." *Smith v. Spizzirri*, 601 U.S. 472, 478 (2024). The Court explained that "[w]hen §3 says that a court 'shall . . . stay' the proceeding, the court must do so," and that the court has no discretion to dismiss the suit in place of a stay. *Id.* at 476. Ms. Ruiz has asked for a stay, and Section 3 directs the Court to grant it.

A stay also keeps this Court available to the parties while the arbitration goes forward. The Federal Arbitration Act gives a court that has stayed a case a continuing role: it may appoint an arbitrator, enforce an arbitrator's subpoenas, and confirm the award. *Spizzirri*, 601 U.S. at 478 (citing 9 U.S.C. §§ 5, 7, 9). A federal court that stays claims under Section 3 keeps its jurisdiction over those claims and may confirm or vacate the resulting award. *Jules v. Andre Balazs Props.*, 608 U.S. 200, 209-13, 218 (2026). This Court has federal-question jurisdiction

over Ms. Ruiz's claim under 28 U.S.C. § 1331, Dkt. 1 ¶ 12, so a stay allows the parties to return here when the arbitration ends without opening a new case.

Ms. Ruiz asks the Court to stay this action in its entirety until the arbitration is complete and to retain jurisdiction over the stayed claims. The stay should reach all deadlines in the case, including Convergint's deadline to answer, the parties' initial disclosures under Rule 26(a)(1), the December 8, 2026 conference, and the parties' remaining obligations under Rule 26. Dkt. 4 at 1; Dkt. 6. She proposes that the parties file a joint status report within fourteen days after the arbitrator issues a final award or the arbitration otherwise ends.

## CONCLUSION

Plaintiff Natalia Ruiz asks the Court to stay this action in its entirety, including all pending deadlines, under 9 U.S.C. § 3, until the arbitration of her claim is complete, to retain jurisdiction over the stayed claims, and to order the parties to file a joint status report within fourteen days after the arbitrator issues a final award or the arbitration otherwise ends.

Respectfully Submitted,

WELMAKER LAW, PLLC
505 E. Magrill
Longview, Texas 75601
Tel: (512) 799-2048

By: *<u>/s/ Douglas B. Welmaker</u>*
Douglas B. Welmaker
Texas State Bar No. 00788641
S.D. Tex. Bar No. 17038
doug@welmakerlaw.com
Attorney-in-Charge

**ATTORNEY FOR PLAINTIFF**

MAREK, GRIFFIN & KNAUPP
101 S. Main Street, Suite 508
Victoria, Texas 77901
Tel: (361) 573-5500
Fax: (361) 573-5040

*/s/ Robert E. McKnight, Jr.*
Robert E. McKnight, Jr.
Texas State Bar No. 24051839
S.D. Tex. Bar No. 381007
mcknightr@lawmgk.com

CO-COUNSEL FOR PLAINTIFF

## CERTIFICATE OF SERVICE

On November 19, 2026, I served the foregoing document on all counsel of record via the Court's CM/ECF system and/or via email and certified U.S. Mail in accordance with the Federal Rules of Civil Procedure.

*/s/ Douglas B. Welmaker*
Douglas B. Welmaker

## CERTIFICATE OF CONFERENCE

Counsel for Plaintiff conferred with counsel for Defendant, Derek A. McKee, by email on November 11, 16, 17, and 18, 2026, about the relief requested in this motion. Defendant does not oppose the motion.

*/s/ Douglas B. Welmaker*
Douglas B. Welmaker