convergint

# MUTUAL ARBITRATION PROGRAM AGREEMENT

Convergint Technologies LLC ("**Convergint**" or the "**Company**") believes that if a dispute related to an employee's or former employee's employment arises, it is in the best interests of both the individual and Convergint to resolve the dispute through arbitration because arbitration offers the benefits of a speedy, cost effective, less formal, impartial, final and binding manner in which to resolve such disputes. In that spirit, this Mutual Arbitration Program Agreement ("**Agreement**") is between Convergint and you ("**you**" or "**Employee**"; with others, "**Employees**") (Convergint and you, collectively, the "**parties**"). This Agreement is effective as of your first day of employment with the Company ("**Effective Date**"). In consideration of your initial and/or continued employment with the Company and the mutuality of obligations undertaken by the parties, by signing this Agreement, you agree to the terms and conditions of this Agreement, including agreeing to arbitrate, on an individual basis, workplace claims and disputes, including legal and statutory claims, arising out of your employment, the cessation, for any reason, of your employment or your application for employment, with Convergint, regardless of when such dispute or claim arose, and to accept an arbitrator's award as the final, binding, and exclusive determination of all claims.

Except as expressly set forth below, you and Convergint agree to resolve, through mandatory binding arbitration as described below, any and all past, present and future claims, disputes or controversies, arising out of or relating to your employment, application for employment and/or cessation of employment with Convergint including, without limitation, any claims that Convergint may have against you and those that you may have against Convergint or any of its affiliates, subsidiaries or parent entities, and their respective officers, directors, owners, employees or agents in their capacity as such or otherwise, and all successors and assigns of any such entities ("**Arbitrable Claims**").

## 1. Arbitrable Claims

Arbitrable Claims are those that are justiciable under applicable federal, state or local law. Arbitrable Claims include, but are not limited to: (1) all statutory claims, such as, but not limited to, Title VII of the Civil Rights Act, the Americans with Disabilities Act, the Age Discrimination in Employment Act, the Older Worker Benefit Protection Act, the Fair Labor Standards Act, the Family Medical Leave Act, and the Worker Adjustment and Retraining Notification Act, and all state, county or municipal corollaries; (2) claims for wages or other compensation due; (3) claims for breach of any contract or covenant (express or implied) by you against Convergint or any of its affiliates, subsidiaries or parent entities; (4) tort claims; (5) claims for harassment or discrimination (except as set forth in the next two paragraphs); (6) claims for retaliation; (7) claims for benefits, except as provided below; and (8) any other claims for violation of any federal, state, or other governmental law, statute, regulation, or ordinance (except as provided in the next two paragraphs).

The following claims are not covered by this Agreement and are not Arbitrable Claims: (1) any criminal complaint or proceeding; (2) any claims covered by state unemployment insurance, state or federal disability insurance, and/or state workers' compensation benefit laws, except that claims for retaliation pursuant to these laws shall be subject to arbitration under this Agreement; (3) any claim under the National Labor Relations Act; (4) any claims for sexual harassment only where not arbitrable by applicable law; (5) claims for benefits under a plan that is governed by the Employee Retirement Income Security Act of 1974 ("ERISA"); (6) any action or claim seeking only declaratory and/or emergency temporary or preliminary injunctive relief (including a temporary restraining order) in a court of competent jurisdiction in accordance with applicable law, so long as that action is brought on an individual basis and not on a consolidated basis or as a part of a collective and class action, and provided that, after the court issues a ruling concerning emergency, temporary or preliminary injunctive relief, all parties must submit each claim if otherwise considered a Arbitrable Claim to arbitration pursuant to this Agreement; (7) any claim or action brought by Convergint or any of its affiliates, subsidiaries or parent entities arising out of or relating to your alleged breach of any fiduciary duties, non-competition, non-solicitation or confidentiality obligation that you have or may have to Convergint or any of its affiliates, subsidiaries or parent entities; and (8) claims that, as a matter of federal, state or local law, the parties cannot agree to arbitrate, on a pre-dispute basis or otherwise (unless such claims are pre-empted by federal law). Nothing in this paragraph shall prevent you and Convergint's mutually agreeing to arbitrate the claims or actions described in subsections (3), (4), (5), and (7) of this paragraph.

Additionally, this Agreement does not preclude you from filing an administrative charge with the Equal Employment Opportunity Commission ("**EEOC**") and/or state and local human rights agencies to investigate alleged violations of laws enforced by the EEOC or those agencies. However, you are not required to initiate an administrative claim prior to pursuing an Arbitrable Claim under this Agreement. If you filed an administrative proceeding, you cannot pursue such Arbitrable Claims without first exhausting all required administrative remedies, such as obtaining a right to sue notice from the EEOC. By responding to administrative agencies, Convergint does not waive its right to enforce this Agreement and the arbitrator shall treat a decision of an administrative agency in the same manner as it would be treated by a court of law.

If an Arbitrable Claim is based, in whole or in part, on acts or omissions by any individual manager or supervisor of Convergint, and you also seek to recover against such individual in the individual's individual capacity, then that claim is also an Arbitrable Claim subject to this Agreement. You must follow Convergint policies and procedures for reporting unlawful harassment, discrimination and/or retaliation.

2. **Class/Collective/Representative Action Waiver**

**No Arbitrable Claim may be initiated or maintained on a class, collective, or representative basis either in court or in arbitration. Any Arbitrable Claim purporting to be brought as a class action, collective action or representative action will be decided under this Agreement as an individual claim. The exclusive procedure for the resolution of all claims that may otherwise be brought on a class, collective or representative action basis, whether participation is on an opt-in or opt-out basis, is through this Agreement, including final and binding arbitration, on an individual basis. You may not participate as a class or collective action representative or a class, collective or representative action member or be entitled to a recovery from a class, collective or representative action. Any issue concerning the validity of this class action, collective action or representative action waiver must be decided by a court, and an arbitrator does not have authority to consider the validity of this waiver. If for any reason this class, collective and representative action waiver is found to be unenforceable, the class, collective or representative action claim may only be heard in court and may not be arbitrated under this Agreement. An arbitrator appointed under this Agreement shall not conduct a class, collective or representative action arbitration, and shall not allow you to serve as a representative of others in an arbitration conducted under this Agreement.**

3. **Arbitration Rules**

Except as otherwise provided in this Agreement, the Federal Arbitration Act shall govern the interpretation, enforcement, and all proceedings pursuant to the Agreement. To the extent that the Federal Arbitration Act is inapplicable, the arbitration law of the State of Delaware shall apply except where if you primarily live or work in California, in which case, the arbitration law of California shall apply.

Except as otherwise provided in this Agreement, the arbitration shall be administered pursuant to the Employment Arbitration Rules of the American Arbitration Association Employment Arbitration Rules & Procedures ("**AAA Rules**"). The AAA Rules are available at https://www.adr.org/sites/default/files/Employment%20Rules.pdf. A printed copy of AAA Rules will be provided to you upon written request to Attn: Chief Legal Officer, Convergint Technologies LLC, One Commerce Drive, Schaumburg, IL 60173 (or after June 1, 2025, to Attn: Chief Legal Officer, Convergint Technologies LLC, 2000 Center Drive, Suite A315, Hoffman Estates, IL 60192) or by email request to legal.notices@convergint.com. No arbitration under this Agreement shall be subject to the AAA Supplementary Rules for Class Actions. To the extent there is a conflict between the Agreement and AAA Rules, the Agreement's terms supersede the AAA Rules.

Resolution of the dispute shall be based solely upon the law governing the Arbitrable Claims and defenses pleaded, and the Arbitrator may not invoke any basis (including, but not limited to, "just cause" standards) other than as provided by such controlling law.

**4. <u>Initiation and Place of Arbitration</u>**

You may initiate arbitration by sending a written notice of any Arbitrable Claim to the Chief Legal Officer at the address provided in Paragraph 3 before expiration of the statute(s) of limitation period for (deadline for filing of) the asserted claim(s). Convergint will contact you to begin the process of selecting an Arbitrator consistent with the process for doing so under the AAA Rules. Convergint recommends that you keep a copy of the written notice and send the written notice via a method where receipt can be confirmed. If Convergint has a claim against you, it may initiate arbitration by sending a written notice to you by certified or registered mail or recognized overnight courier service at the last mailing address or home address on file at Convergint before expiration of the statute(s) of limitation applicable to the claim.

The written notice shall specifically identify and describe the nature of any and all Arbitrable Claims the aggrieved party has against the other party as of the date of the written notice, the facts upon which such claims are based, the relief or remedy sought, and the name, address and telephone number of legal counsel representing the party, if any. Any claims not asserted in the written notice shall be deemed waived unless brought within the applicable statute of limitations period.

The arbitration shall take place in the county in which you reside, unless the parties mutually agree to a different location.

**5. <u>Representation</u>**

You and Convergint have the right to consult with and be represented by, at each party's own cost, legal counsel during the arbitration process. If either party intends to use an attorney, that party must immediately notify the other party in writing of the name, address and telephone number of its attorney.

**6. <u>Retaliation</u>**

Retaliating against you for threatening to submit or for having submitted an Arbitrable Claim to arbitration is prohibited.

**7. <u>Arbitrator</u>**

All matters submitted to arbitration shall be decided by a single arbitrator ("**Arbitrator**"). The Arbitrator shall be a former or retired judge, selected by a mutual agreement of the parties or pursuant to AAA Rules, unless the parties mutually agree in writing that a former or retired judge need not be the Arbitrator.

**8. <u>Arbitrator's Authority</u>**

The Arbitrator shall apply the substantive law and the law of remedies, if applicable, of the state in which the Arbitrable Claim arose, or federal law, or both, as applicable to the Arbitrable Claim(s) asserted. The Arbitrator will have no authority to modify or nullify any law, lawful Convergint policy, rule, regulation, or procedure or agreement entered into by the parties. The Arbitrator shall have no authority to impose damages or other remedies that would not have been available to the parties had the matter been heard in court.

The Arbitrator's decision shall be based solely on the legally admissible evidence presented at the hearing.

The Arbitrator shall have jurisdiction to hear and rule on pre-hearing disputes and is authorized to hold pre-hearing conferences by telephone or in person, as the Arbitrator deems advisable.

**9. <u>Additional Arbitration Procedures</u>**

The arbitrator will conduct the hearing as expeditiously as possible, while ensuring that all parties have the opportunity to present evidence and arguments and ensuring that the Agreement is followed. In general, the parties may take the depositions of all expert witnesses and up to 3 other individuals, and serve 15 document requests and 15 interrogatories. The arbitrator may allow additional depositions and discovery requests if the arbitrator determines

in good faith that additional discovery is necessary for the matter, taking into account the shared goal of efficient and expedited resolution of the dispute.

The arbitrator shall have the authority to entertain and grant or deny any motion permitted by the Federal Rules of Civil Procedure, including motions to dismiss and for summary judgment. In ruling on any such motion, the arbitrator shall apply the standard governing such motions under the Federal Rules of Civil Procedure. Any motion for summary judgment or partial summary judgment shall be decided no later than 30 calendar days prior to the scheduled arbitration hearing date. The Arbitrator may change this deadline only for good cause. The Federal Rules of Evidence govern the rules of evidence for the arbitration (although strict conformity to legal rules is not necessary) and will be used to determine the admissibility of specific evidence. Either party, at its expense in the first instance, may arrange and pay for a certified court reporter to provide a stenographic transcript of proceedings. Unless otherwise ordered by the Arbitrator, each party has the right to submit a post-hearing brief summarizing its factual and legal arguments. The time for filing such a brief, and for responding thereto, shall be set by the Arbitrator. If any party refuses or neglects to appear for, or participate in, the arbitration hearing, the Arbitrator shall have the authority to decide the dispute based upon whatever evidence is presented.

**10. <u>Fees and Expenses</u>**

Convergint shall be responsible for paying, in the first instance, any filing or administrative fee, and the fees and costs of the Arbitrator, beyond the cost of the filing fee you would have to pay had you filed such claims in a court of competent jurisdiction. Each party shall pay in the first instance its own litigation costs and attorneys' fees, if any. If any party prevails on a statutory claim that affords the prevailing party attorneys' fees and litigation costs, or if there is a written agreement providing for attorneys' fees and/or litigation costs, the Arbitrator shall rule upon a motion for attorneys' fees and/or litigation costs under the same standards a court would apply under the law applicable to the Arbitrable Claim(s) at issue. If a party elects to have a certified shorthand reporter transcribe the arbitration proceedings, or any part of them, the party making such election shall pay all such costs, and share, at no additional charge to the other party except reasonable duplication and mailing charges, all such transcriptions with the other party.

**11. <u>Arbitrator's Decision</u>**

The Arbitrator shall render an award and written opinion normally no later than 30 calendar days after the date the arbitration hearing concludes or the post-hearing briefs, if requested, are received, whichever is later. The opinion shall include the factual and legal bases for the award.

The decision or award of the Arbitrator shall be final and binding upon the parties. Judgment upon the award may be entered in any court having jurisdiction.

**12. <u>Reconsideration and Review</u>**

Either party may bring an action in any court of competent jurisdiction to compel arbitration under this Agreement and to enforce, set aside or modify an arbitration award under standards provided by law. If any portion of the arbitration award is subsequently determined to be illegal, invalid or unenforceable, such determination will not affect the legality, validity or enforceability of the remaining portions of the award.

**13. <u>Confidentiality</u>**

The parties will have access throughout the arbitration proceedings to information that may be sensitive to the other party. Information disclosed by the parties or witnesses shall remain confidential. All records, reports or other documents disclosed by either party shall be confidential to the maximum extent permitted by law. The results of the arbitration, including any award, are confidential.

**14. <u>Agreement Survives Termination of Employment</u>**

This Agreement shall survive the cessation, for any reason, of your employment with Convergint.

**15. At-Will Employment**

Nothing in this Agreement changes or in any manner modifies the parties' employment relationship of employment at-will; that is, the parties can each end the relationship at any time for any reason with or without cause. The Arbitrator has no authority to alter the at-will nature of the relationship.

**16. Right to Revoke Acceptance of this Agreement**

You may revoke your acceptance of this Agreement for any reason or no reason by sending a written notice to Convergint so that it is received by Convergint within 30 days after the date that you sign this Agreement. To be effective, the revocation notice must (a) be dated, (b) state that you desire to revoke this Agreement, (c) be signed in writing or electronically by you, (d) be addressed to Convergint's Chief Legal Officer and (e) be transmitted to Convergint by certified mail or recognized overnight courier to: Convergint Technologies LLC, One Commerce Drive, Schaumburg, IL 60173 (or after June 1, 2025, to Convergint Technologies LLC, 2000 Center Drive, Suite A315, Hoffman Estates, IL 60192) or by email to legal.notices@convergint.com. Retaliation against you for revoking acceptance of this Agreement is also prohibited.

**17. Miscellaneous**

**a. Severability:**

Except as provided below, if any provision of this Agreement is determined by a court of competent jurisdiction to be void or otherwise unenforceable, in whole or in part, such a finding will not affect the validity of the remainder of the Agreement, and all remaining provisions shall remain in full force and effect. If, however, the class action, collective action, or representative action waiver is found to be void, voidable, or otherwise unenforceable, then the claims found to be able to proceed on a class action, collective action, or representative action basis shall proceed in court and not in arbitration.

b. **Modification**:

This Agreement shall only be amended or modified in a writing signed by you and the Chief Legal Officer or an officer or director of Convergint.

c. **Waiver**:

No act or omission by Convergint nor failure by it to promptly enforce any rights under this Agreement shall be deemed to constitute a waiver of such rights.

d. **Entire Agreement**:

This Agreement constitutes the entire agreement between the parties and supersedes any and all prior representations, agreements, written or oral, expressed or implied regarding arbitration and class/collection action waivers between you and Convergint.

e. **Electronic Signatures:**

The parties mutually agree that either party may use electronic signature technology to expedite the acknowledgement of and receipt and mutual agreement to this Agreement, pursuant to the Electronic Signatures in Global National Commerce Act, the Uniform Electronic Transaction Act, and any other appliable law.

f. **Assignment/Binding:**

This Agreement shall be binding upon you and your respective heirs, executors, administrators, and successors. You may not assign this Agreement. The rights and/or obligations in this Agreement may be assigned, in whole or in part, by Convergint without your prior written notice or consent and shall bind and inure to the benefit of Convergint's successors, assigns, and representatives. Convergint's affiliates, subsidiaries and parent entities are third party

beneficiaries of this Agreement, and they shall be entitled to enforce the provisions of this Agreement against you or any party acting on your behalf.

g. **Governing Law**:

This Agreement is an agreement to arbitrate pursuant to the Federal Arbitration Act, 9 U.S.C. § 1 *et seq*. ("**FAA**"). If the FAA is held to be inapplicable for any reason, the Agreement shall be governed and interpreted under the laws of the State of Delaware, without giving effect to any conflict or choice of law principles thereof except if you primarily live or work in California, then the Agreement with respect to you only shall be governed and interpreted under the laws of the State of California. You understand and agree that Convergint is engaged in transactions involving interstate commerce, and that your employment affects such interstate commerce.